**XIAN LIANG XU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–0370–ag.**

United States Court of Appeals, Second Circuit.

March 5, 2007.

Lin Li, Law Office of Fongling Liu, New York, New York, for Petitioner.

Randy G. Massey, Acting United States Attorney for the Southern District of Illinois, Gerald M. Burke, Assistant United States Attorney, Fairview Heights, Illinois, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Xian Liang Xu, a citizen of the People's Republic of China, seeks review of a December 27, 2005 order of the BIA affirming the February 8, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Xu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xian Liang Xu,* No. A98 006 586 (BIA Dec. 27, 2005), *aff'g* No. A98 006 586 (Immig. Ct. N.Y. City Feb. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ's adverse credibility determination is supported by substantial evidence. As the IJ accurately pointed out, Xu initially claimed in his application that he was arrested on January 18, 2004 and that he had left China on March 15, 2004. However, during the hearing, Xu testified on direct that, although he had left the country on March 20, 2004, the arrest took place on March 27th. When asked to clarify the inconsistency, Xu changed his testimony, stating that he left China on April 9, 2004. Further confusing matters, Xu testified during cross that his earlier testimony was incorrect and that his arrest actually occurred on January 18th, that he left China on March 15th, and that he arrived in the United States on April 9th. Furthermore, although Xu consistently stated that the arrest occurred on a Wednesday, January 18 was a Sunday, and March 27 was a Saturday.

■ Because the purported arrest is the only incident of persecution by Chinese government officials alleged by Xu, his inconsistent testimony regarding the matter goes to the heart of his claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003) (to form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole). Although we have been reluctant to uphold adverse credibility determinations based on date discrepancies, *see, e.g., Alvarado–Carillo v. INS,* 251 F.3d 44, 51 (2d Cir. 2001), it was not unreasonable for the IJ to make an adverse credibility finding based on Xu's inconsistent testimony regarding the date of the only persecution alleged in support of his application. Xu's response—that he was "a little bit confused"—did not appropriately resolve the inconsistency and the IJ was reasonable in not finding the explanation compelling. *Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

An adverse credibility finding as to past persecution does not necessarily preclude success on a claim of a well founded fear of persecution in the future. *Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006) ("an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible") (emphasis omitted). Here, the IJ believed Xu's testimony that he was

a Christian, but found that the evidence he presented was insufficient to meet his burden of proving fear of future persecution. Specifically, the IJ referenced country reports and determined that, although there is evidence indicating oppression of Christians in China, the reports focused more on the persecution of pastors and individuals who hold high-profile positions in the church. The IJ found that Xu, who has never admitted to holding a high-profile position in the church, failed to establish a relevant pattern or practice of persecution of Christians in China.

■ In addition to upholding the IJ's adverse credibility determination, the BIA also determined that Xu had failed to establish a reasonable possibility of persecution in light of the fact that "[his] parents continue to participate in underground church activities in China without being persecuted." However, because Xu does not challenge this determination in his petition before this Court, it is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. 2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

■ Because substantial evidence supports the IJ's determination that Xu did not meet his burden of proof for asylum, it necessarily follows that denial of withholding of removal was correct. *See Xiao Ji Chen v. U.S. Department of Justice,* 471 F.3d 315, 333 (2d Cir.2006).

■ Finally, because Xu does not argue his CAT claim in his brief to this Court, that claim is also deemed waived. *See Yueqing Zhang,* 426 F.3d at 542 n. 1, 546 n. 7; *Norton,* 145 F.3d at 117.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.